IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KARI PROTT, on behalf of herself and others similarly situated** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: 3:15-CV-00389 ) |
| **PMAB, LLC** | ) ) ) ) |
| Defendant.<br>**Serve Defendant at:**<br>CT Corporation System<br>120 South Central Avenue<br>Clayton, Missouri 63105 | ) ) ) ) ) ) |

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, and for her Class Action Complaint states as follows:

## INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. This is an action against Defendant for deceptive, fraudulent, or unfair business practices in violation Plaintiff files this action individually and on behalf of the class defined below against Defendant for violations of the Illinois Collection Agency Act, 225 ILCS 425 et seq., ("ICAA") (Count One), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., ("FDCPA") (Count Two) arising from its attempts to collect debts when Defendant was not a licensed debt collector in Illinois.

## JURISDICTION

2. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d) and that the deceptive fraudulent and unfair business practices alleged herein against Defendant occurred in this judicial district. This Court has supplemental jurisdiction over the ICAA claim pursuant to 28 U.S.C §1367(a).

## PARTIES

3. Plaintiff is a natural person currently residing in Madison County, Illinois. Plaintiff is a "consumer" within the meaning of the FDCPA, ICAA and the Illinois Consumer Fraud and Deceptive Business Practices Act. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

4. Defendant is a corporation with its principal place of business located in North Carolina. The principal business purpose of Defendant is the collection of debts in Illinois and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)* and ICAA.

6. Defendant has never been licensed as a collection agency in the State of Illinois.

7. Pursuant to 225 ILCS 425/4 and 425/14, it is a crime to operate, directly or indirectly engage in the business of collecting debts without first obtaining a license.

8. Plaintiff and putative class members have a private right of action for damages arising from violations of the ICAA.

## FACTS

9. On or about February 10, 2015, Plaintiff received a dunning letter from Defendant attempting to collect an amount due to Uptown Emergency Physicians in the amount of $55.40. **Exhibit 1.**

10. At the time the dunning letter was sent to Plaintiff, Defendant was not and has never been licensed as a collection agency in the State of Illinois.

11. Since February 10th, Defendant has contacted Plaintiff's in order to gather information to be used in its debt collection activities.

12. Upon information and belief, Defendant has called Plaintiff numerous times in attempts to collect debts.

13. Plaintiff specifically asked Defendant to provide their Illinois license number. Defendant failed to provide the requested information.

14. Defendant took all of the above collection actions against Plaintiff when it was not licensed as a collection agency in Illinois.

## CLASS ALLEGATIONS

15. Upon information and belief, it is Defendant's routine practice to violate the FDCPA and ICAA by attempting to collect debts in the State of Illinois without being licensed.

16. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class consists of the following persons:

   a. Part one (FDCPA class): all residents Illinois who between February 10, 2014 and February 10, 2015 that received a collection letter or collection telephone communication from Defendant.

b. Part two (ICAA class): all residents Illinois who between February 10, 2010 and February 10, 2015 that received a collection letter or collection telephone communication from Defendant.

17. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendant is a high volume debt collector that attempt to collect many thousands of consumer debts throughout Illinois.

18. Upon information and belief, Defendant has engaged in the improper collection communications described above with thousands of consumers.

19. Plaintiff is a member of the class she seeks to represent.

20. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

21. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent her from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

22. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they

raise the same questions of law and involve the same methods of collection and telephone contact by the Defendants.

23. Most, if not all, the facts needed to determine damages are obtainable from the Defendants' records.

24. The purposes of the FDCPA and ICAA will be best effectuated by a class action.

25. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

26. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

27. Many, if not all, class members are unaware that claims exist against the Defendants. There will be no unusual difficulty in the management of this action as a class action.

28. Three common questions of law and fact predominate over all individual questions in this action. The common questions are whether: (1) Defendant is a "debt collector" pursuant to the FDCPA and ICAA; (2) the liabilities that Defendant has sought to collect from class members constitute "consumer debt" under the FDCPA and ICAA; and (3) whether Defendant violated the FDCPA and ICAA by attempting to collect debts in Illinois without being licensed.

29. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

30. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

31. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual Class members is calculable and ascertainable.

## **COUNT I-VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT**

32. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

33. In order to protect consumers, the ICAA creates a licensing regime and makes it a crime for collection agencies to operate, directly or indirectly engage in the business of collecting, or exercise the right to collect debts in Illinois without first obtaining a license. 225 ILCS 425/4; 225 ILCS 425/14.

34. For every instance in which Defendant demanded payment from an Illinois consumer for a debt, whether by written correspondence or by telephone or otherwise, Defendant attempted to do so in violation of the ICAA because Defendant has never been permitted to collect debts in Illinois.

## **COUNT II- VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT**

35. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

36. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a. Taking action that it could not legally take. 15 U.S.C. § 1692e(5);

b. Engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff. 15 U.S.C. § 1692d.

c. Using false, deceptive, or misleading representation or means in connection with the debt collection. 15 U.S.C. § 1692e and e(10).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E. For such other relief as the Court may deem just and proper.

**THE EASON LAW FIRM, LLC**

/s/ James W. Eason

_____
**JAMES W. EASON, #6281329
The Eason Law Firm, LLC
124 Gay Avenue, Suite 200
St. Louis, Missouri 63105
Phone: (314) 932-1066
Fax:    (314) 667-3161
Email: james.w.eason@gmail.com**